### EXECUTORS OF SPRIGG vs. HERMAN.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This suit is commenced in the ordinary form of a petitory action, in which the plaintiffs set forth the title of their testator, and claim to recover a certain tract of land described in their petition, from the defendant, as possessed without right; who, in his answer, pleads a title derived from the testator of the plaintiffs, through the agency of his *attorney in fact:* he obtained judgment in the court below, from which the plaintiffs appealed.

The evidence of the case shews, that Shamburg, who executed to the defendant a public act of sale of the land in dispute, was authorised to sell it, by Sprigg, the testator; the authority under which the attorney acted is evidenced by a private letter from his constituent, dated at Baton Rouge, on the 30th November,

In a petitory action, where fraud is not alleged, parol evidence cannot be given that a deed was dated at another day than that which it purports.

Where the mandate gives a power to sell, the opinion expressed by the principal, that the property should bring a certain sum, will not invalidate a sale by the agent for less.

1826, and the deed was made to the defendant on the 12th of February, 1827.

The appellants endeavor to destroy the force and effect of the act of sale, (executed as above stated) by shewing that the agent transcended his power, or that he acted under it after all authority had expired by the death of the constituent. To prove this last fact, their counsel claimed a right of interrogating the agent himself as a witness, to shew that he signed the deed on a day later than the date which the instrument bears on its face. This testimony was objected to by the counsel of the appellee, and his objection being sustained by the district court, a bill of exceptions was taken, &c. We are of opinion that there was no error in rejecting the testimony thus offered.— The suit is in the ordinary mode of actions to recover property. The defendant sets up title, and relies on an authentic act in support of his claim; and an attempt is made to invalidate this act by the very agent who executed it.— Should that, which the plaintiffs endeavor to prove in this way, be true, it would give a fraudulent aspect to the conduct of all parties concerned in passing the deed—agent, notary, and purchaser. If there has been any violation of

good faith in the transaction, the fraud ought to have been suggested in an action to rescind the sale, in which all concerned in it might have been made parties. In the present form of action, the agent was certainly incompetent to destroy his own act, to the prejudice of the defendant.

In the letter which gives the power to sell, the constituent states, that he thought the property worth six or seven thousand dollars, and that it should, on sale, produce one or the other of these amounts; but that if so much could not be obtained, to sell for less: the agent sold for $3,500. This letter gives, absolutely, a power to sell, which is not infringed by a mere expression of opinion on the part of the owner, of the value of the property. The price at which it was sold is certainly far below his estimate, but there is no evidence on the record to shew that the sale was not made in good faith, and for a sum approaching the value of the thing sold. In truth, this question, as to price, cannot fairly arise in the present suit.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Hennen* for the plaintiff, *Hoffman* for the defendant.